JUSTICE COTTER
concurs.
¶30 I concur in the Court’s Opinion, and offer the following additional reason for doing so.
¶31 The District Court concluded that, by accepting the policies set forth in the Handbook, Arnold accepted the fact that her violation of certain of the YMC’s policies could result in immediate termination, and that YMC was not obligated to offer her any additional relief or consideration. The problem is that, the way the Handbook is written, virtually any objectionable employee action could result in immediate termination. Notably, the Handbook lists 29 circumstances that could justify immediate termination. These circumstances include, among others, such innocuous violations as non-compliance with the dress code or violation of Club vehicle rules, and far more nebulous violations, such as “negligence in job performance” or “unsatisfactory job performance.” With the latitude these provisions give to the employer, YMC could justify virtually any immediate termination, and thus render illusory the Handbook’s promise of thorough examination *303 and consideration of the circumstances involved in the discipline. See ¶ 19. In other words, this sweeping immediate termination provision could easily subsume the progressive discipline provisions of the Handbook.
¶ 32 Under the circumstances presented here, and given the overly broad immediate termination provisions of this Handbook, I would conclude it was error for the District Court to stop its analysis upon finding that one of these many provisions was violated. As the Court notes, more was required. I therefore concur in the Court’s decision.
JUSTICE LEAPHART joins in the foregoing Concurring Opinion.